IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MONROE WHITE                                                                          PETITIONER

VS.                                  5:08CV00136 JTR

LARRY NORRIS, Director
Arkansas Department of Correction                                          RESPONDENT

## MEMORANDUM AND ORDER

### I.  Background

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner, Monroe White, pursuant to 28 U.S.C. § 2254.  (Docket entry #2).  Respondent has filed a Response, arguing that the Petition must be dismissed because it is barred by the applicable statute of limitations. (Docket entry #11).  Petitioner has filed a Reply.  (Docket entry #14).  Thus, the issues are joined and ready for disposition.

Before addressing the merits of the habeas Petition, the Court will review the relevant procedural history of the case.  On August 24, 2005, Petitioner was convicted in Independence County, Arkansas of aggravated robbery and sentenced as a habitual offender to serve nine-hundred sixty (960) months in the Arkansas Department of Correction (ADC).  (Docket entry #11).  On October 25, 2006, the Arkansas Court of Appeals affirmed his conviction.  *Id.*

On December 27, 2006, Petitioner filed a Rule 37 petition with the trial court.  (Docket entry #2).  On January 5, 2007, the court dismissed the Rule 37 petition, without prejudice, because it did

not comply with the requirements of Arkansas Rule of Criminal Procedure 37.1(b).[1] (Docket entry #2). Specifically the court found that the petition exceeded the page, line, and margin limits set forth in Rule 37.1(b). *Id.*

On September 27, 2007, the Arkansas Supreme Court affirmed the trial court's order dismissing the Rule 37 petition. (Docket entry #11). On December 6, 2007, the Court denied Petitioner's motion for rehearing. *Id.* Thereafter, Petitioner did not re-file his Rule 37 Petition.

On May 9, 2008, Petitioner initiated this habeas action. (Docket entry #2). In his Petition, he argues that: (1) he was denied a speedy trial; (2) his trial attorney provided him with ineffective assistance of counsel; (3) he was denied access to the courts; (4) there was insufficient evidence to support his conviction; and (5) he was denied due process. (Docket entry #2). In his Response, Respondent contends that: (1) all of Petitioner's claims are barred by the statute of limitations; and (2) he has procedurally defaulted all of those claims. (Docket entry #11).

For the reasons explained below, the Court concludes that Petitioner's habeas claims are barred by the applicable statute of limitations.[2] Thus, the Petition for Writ of Habeas Corpus must be denied, and the case dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a federal

---

[1] Arkansas Rule of Criminal Procedure 37.1(b) provides:
(b) The petition shall state in concise, nonrepetitive, factually specific language, the grounds upon which it is based. The petition, whether handwritten or typed, shall be clearly legible, and shall not exceed ten pages of thirty lines per page and fifteen words per line, with left and right margins of at least one and one-half inches and upper and lower margins of at least two inches. The circuit court or appellate court may dismiss any petition that fails to comply with this subsection.

[2] Accordingly, the Court need not address Respondent's procedural default argument.

habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). When a petitioner does not file a writ of certiorari with the United States Supreme Court, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered...by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187 (1999).

According to Respondent's calculations, Petitioner's judgment became "final" on November 14, 2006, when the Arkansas Court of Appeals issued its mandate affirming his conviction. Because the Arkansas Court of Appeals is not a "state court of last resort" from which certiorari is available, Respondent argues that Petitioner is not entitled to the additional 90 days allowed for filing a petition for writ of certiorari with the United States Supreme Court. *Id.* citing *Riddle v. Kemma*, 523 F.3d 850 (8th Cir. 2001)(*en banc*).[3] According to Respondent, Petitioner would only have been entitled claim the benefit of the 90-day time period if had first petitioned the Arkansas Supreme Court for review of the adverse Arkansas Court of Appeals decision.

The Court concludes that it need not decide this question, because the habeas Petition is untimely even if Petitioner is given the benefit of the 90-day certiorari period. Under the first

---

[3] In *Riddle v. Kemma*, 523 F.3d 850 (8th Cir. 2008)(*en banc*), the Eighth Circuit held that the Missouri Court of Appeals was not a "state court of last resort" and, therefore, that the petitioner was *not* entitled to the 90-day certiorari period because he did not request discretionary review of his appeal from the Missouri Supreme Court. *Compare Ben-Yah v. Norris*, 570 F.Supp. 2d 1086 (E.D. Ark. 2008)(applying *Riddle* and concluding that the Arkansas Court of Appeals is *not* a "state court of last resort") *with Collier v. Norris*, 402 F.Supp.2d 1026 (E.D.Ark. 2005) (pre-*Riddle* decision concluding that the Arkansas Court of Appeals is a "state court of last resort").

scenario, if Petitioner's judgment became "final" on November 14, 2006, when the Arkansas Court of Appeals' issued its mandate, he had one year, or until November 14, 2007, to file his Petition. Under the second scenario, Petitioner had an additional 90 days in which to file a petition for certiorari with the United States Supreme Court. Giving him credit for the additional 90 days means that his judgment would have become "final" on February 12, 2007. He would have then had one year, or until February 12, 2008, to file his Petition.

Although Petitioner filed his federal habeas Petition on May 9, 2008, he signed the Petition on May 4, 2008.[4] (Docket entry #2). Assuming Petitioner placed his federal habeas Petition in the prison mail system on May 4, 2008, it was untimely by 172 days under the first scenario, and untimely by 82 days under the second scenario.

AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221(2002).

Here, Petitioner filed his Rule 37 petition on December 27, 2006, within 60 days of the

---

[4] The Eighth Circuit has held that, in analyzing whether a federal habeas petition is timely filed by a state prisoner within the AEDPA's limitations period, the "prison mailbox rule" applies. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999)("we hold that, for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Under this rule, "a *pro se* inmate's §2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.]" *Nichols*, 172 F.3d at 1077 n.5.
  Petitioner signed the Petition on May 4, 2008. (Docket entry #2). Even giving Petitioner the benefit of these three days available under the prison mailbox rule, his Petition is still untimely.

4

appellate mandate, as allowed by Rule 37.2(c).  However, because the Arkansas Supreme Court affirmed the trial court's dismissal of Petitioner's Rule 37 petition on the ground that it did not comply with the filing requirements set forth in Rule 37.1(b), there is a serious question whether it was "properly filed" for purposes of statutory tolling under 28 U.S.C. §2244(d)(2).

The Eighth Circuit addressed this issue in *Walker v. Norris*, 436 F.3d 1026 (8th Cir. 2006). In that case, the Arkansas Supreme Court dismissed a Rule 37 petition for lack of jurisdiction because no verified petition had been filed as required by Rule 37.  In his federal habeas action, Petitioner argued that, despite the Arkansas Supreme Court's holding, his Rule 37 petition should be deemed "properly filed" for purposes of statutory tolling.  The Eighth Circuit disagreed and held that, "[b]ecause the Arkansas Supreme Court affirmed and found [the unverified Rule 37] petition invalid, 'that is the end of the matter'" for purposes of statutory tolling under § 2244(d)(2).[5] *Walker*, 436 F.3d at 1032 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)).

The Court concludes that the Eighth Circuit's decision in *Walker* is controlling in this case. The Arkansas Supreme Court affirmed the dismissal of Petitioner's Rule 37 petition because it failed

---

[5] In *Boyle v. Norris*, 2006 WL 3431897 (E.D.Ak. 2006) the Court addressed the issue of the applicability of *Walker* to cases where a Rule 37 petition was dismissed due to failure to comply with Rule 37.1(b):
> Although the Eight Circuit has not addressed the issue, the Eleventh Circuit has specifically ruled that state "rule governing filings must be 'firmly established and regularly followed' before noncompliance will render a petition improperly filed for the purposes of AEDPA's tolling provision." *Siebert v. Campbell*, 334 F.3d 1018, 1025 (11th Cir. 2003).  This court does not have to address the issue in the present case, because the page limitation for Rule 37 petitions has been firmly established for many years now, and Petitioner does not argue it is not regularly followed. *See Hill v. Norris*, 96 F.3d 1085, 1088 (8th Cir. 1996), *citing Washington v. State*, 308 Ark. 322 (1992)(holding that Rule 37's ten-page limit is a reasonable restriction on post-conviction relief.)  Petitioner's noncompliance with the page limitation was sufficient to render his state petition improperly filed.

to comply with Rule 37.1(b). As the court noted in *Boyle*, the filing requirements in Rule 37.1(b) have been "firmly established for many years now" and they have been regularly applied by the Arkansas Supreme Court to dismiss Rule 37 petitions. Accordingly, Petitioner's Rule 37 petition was not "properly filed" for purposes of § 2244(d)(2). Thus, Petitioner is not entitled to any statutory tolling.

Because 28 U.S.C. § 2244(d) is a statute of limitations, rather than a jurisdictional bar, equitable tolling may still be applicable. *Moore v. United States,* 173 F.3d 1131, 1134 (8th Cir. 1999). However, the Eighth Circuit has cautioned that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003). Accordingly, equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

According to Petitioner, equitable tolling is warranted because he did not know about the Rule 37.1(b) requirements due to his lack of access to updated legal materials. He also contends that he did not have access to a ruler and, therefore, was unable to follow the margin requirements. Even if Petitioner did not know about the Rule 37.1(b) requirements when he drafted his original Rule 37 petition, the petition was dismissed *without* prejudice. The trial court specifically advised Petitioner of the procedural defects in his petition. Petitioner could have remedied those mistakes by refiling the Rule 37 petition. Finally, the Eighth Circuit has rejected similar allegations of limited access to law library or legal materials as a sufficient basis for invoking equitable tolling. *See, e.g. Earl*

*v. Fabian,* 556 F.3d 717, 724-25 (8th Cir. 2009); *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). Because Petitioner is not entitled to equitable tolling, all of his habeas claims are barred by the statute of limitations.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT the Petition for Habeas Corpus under 28 U.S.C. § 2254 (docket entry #2) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 4th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE